**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

U.S. BANK NATIONAL ASSOCIATION,
*not in its Individual Capacity but solely as
Trustee for the RMAC Trust, Series 2016-
CIT*,

        Plaintiff,

    vs.

ALFONSO AMELIO, CARMINE AMELIO,

        Defendants,

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Civil Action No. 26-1186
Judge Nora Barry Fischer

## MEMORANDUM OPINION

Presently before the Court are a Motion to Proceed In Forma Pauperis filed by pro se Defendant Alfonso Amelio ("Amelio") as well as the accompanying Notice of Removal filed by him and Carmine Amelio (collectively, "Defendants") and a supporting docket sheet for a state civil action, (Docket No. [1]). The instant filings show that Defendants are attempting to remove an ejectment action filed by Plaintiff U.S. Bank National Association against Amelio in the Court of Common Pleas of Allegheny County. (*Id*.). However, Defendants have only attached the docket sheet for GD-22-002418, which indicates, among other things, that the Complaint was filed against Amelio on March 2, 2022; Amelio filed an Answer on March 31, 2022; and, has proceeded to litigate various issues for the past four years, including various appeals to state appellate courts and a Petition for Writ of Certiorari which he states remains pending before the Supreme Court of the United States. (Docket No. 1-1). Carmine Amelio is not listed as a Defendant in the state court case on the docket sheet but has joined Alfonso Amelio and also signed the removal papers in this Court as a pro se litigant.[1] After careful consideration of the filings in light of the relevant

---

[1] It is well established that pursuant to 28 U.S.C. 1654, a person who is not a lawyer may not appear to represent another individual in federal court. *See Williams v. United States*, 477 F. App'x 9, 11 (3d Cir. 2012) (citations omitted)

1

standards set forth below, the Court will grant the motion to proceed in forma pauperis but will remand this matter to the Court of Common Pleas of Allegheny County, forthwith.

In so holding, the Court notes that "[f]ederal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution or statute, which is not expanded by judicial decree." *Id*. (internal citations omitted). In every case, the Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006). When a party removes a case to federal court, the Court must "evaluate whether that action could have been brought originally in federal court." *Home Depot U. S. A., Inc. v. Jackson*, 139 S. Ct. 1743, 1748, 204 L. Ed. 2d 34 (2019), *reh'g denied,* No. 17-1471, 2019 WL 3538074 (U.S. Aug. 5, 2019).  The Court should remand the case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Amelio, as the removing party asserting that the Court has jurisdiction over this case, bears the burden of establishing same.  *Kokkonen*, 511 U.S. at 377, 114 S.Ct. 1673.

Having considered the matter, the Court finds that the instant removal is both procedurally and substantively deficient under the relevant removal statutes, necessitating a remand of this matter to state court for lack of subject matter jurisdiction.  To this end, the removal is procedurally defective because Amelio has not attached the Complaint nor any of the pleadings filed in state court and the docket sheet he has supplied fails to demonstrate that the Court has jurisdiction over

---

("power of attorney for her father may confer certain decision-making authority under state law, but it does not permit her to represent him pro se in federal court."); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.").  As such, the Court will direct the Clerk of Court to strike Carmine Amelio as a party from this Court's docket and will analyze the attempted removal by Alfonso Amelio, only.

this matter.  *See Horizon Blue Cross Blue Shield of New Jersey v. Arsenis*, No. CV 23-22822 (MAS) (DEA), 2024 WL 2750824, at *2 (D.N.J. May 29, 2024), *aff'd in part, appeal dismissed in part*, No. 24-2009, 2025 WL 2504824 (3d Cir. Sept. 2, 2025) ("Defendants did not attach a copy of Plaintiff's state court complaint to their removal notice, let alone to any other document that the parties filed in the state court action. […] As such, Defendants' removal fails to comply with relevant filing rules."); *see also Martinez v. Harrison*, No. CV2303513JXNMAH, 2023 WL 5237130, at *2 (D.N.J. Aug. 15, 2023) ("Plaintiff's Notice of Removal fails to satisfy the procedural requirements of 28 U.S.C. § 1446. […] Plaintiff failed to attach the State Court complaint or indicate any basis for removal under 28 U.S.C. §§ 1441 and 1446.").

Amelio's failure to include the Complaint precludes a full evaluation of the merits of this removal as the Court's task is to review the Complaint filed at the time of removal to determine if any the asserted bases for removal – here, federal question, § 1331, diversity, § 1332 or civil rights, § 1443, are appropriate.  (*See* Docket No. 1-1).  With that said, it appears to the Court that Amelio is otherwise unable to demonstrate that subject matter jurisdiction is appropriate for several reasons, including that:

- the well-pleaded complaint rule precludes the removal of a case upon federal question jurisdiction unless the federal claim is apparent on the face of the complaint and his assertions of federal defenses and alleged procedural defects in the state proceedings are not enough, *see e.g., Berne Corp. v. Government of The Virgin Islands*, 570 F.3d 130, 136 (3d. Cir. 2009) (citation omitted) ("[t]he presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal [question] jurisdiction exists only where a federal question is presented on the face of the plaintiff's properly pleaded complaint.");

- the docket sheet states that the amount in dispute is $0 in the ejectment action such that the amount in controversy is not enough to satisfy the jurisdictional amount for diversity jurisdiction under 28 U.S.C. § 1332(a) of $75,000 and Amelio's assertion that

3

Plaintiff's citizenship is Ohio based on U.S. Bank National Association's status is insufficient given that the state court docket sheet plainly states that Plaintiff is bringing the case as trustee of a real estate investment trust, requiring further inquiry to determine whether its citizenship also includes other jurisdictions, *see GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 39 (3d Cir. 2018) ("the citizenship of a traditional trust is only that of its trustee, while that of a business entity called a trust is that of its constituent owners."). Hence, diversity jurisdiction is not established on this record; and,

- he has not presented any argument that the case is properly removed based on an assertion of a violation of civil rights in terms of racial equity, as is required to effectuate removal under § 1443, *see Horizon Blue Cross Blue Shield of New Jersey v. Arsenis*, No. 24-2009, 2025 WL 2504824, at *3 (3d Cir. Sept. 2, 2025) (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)) ("For the first prong, a defendant must demonstrate that the civil rights she asserts were denied are 'in the specific language of racial equality' rather than 'phrased in terms of general application available to all persons or citizens.'").

In addition, the Court has substantial doubts that it has jurisdiction to accept removal of a state case which has proceeded through the state appellate process and a Petition for Writ of Certiorari is pending before the Supreme Court of the United States, as Amelio states in the Notice of Removal. *Cf. Martinez*, 2023 WL 5237130, at *2 ("to the extent that Plaintiff seeks this Court's review over an action in State Court, this Court does not have jurisdiction to review state court proceedings."). Stated differently, Amelio cannot have it both ways and remove the trial portion of his case to federal court and leave his various appeals in state appellate courts and/or final review by the Supreme Court of the United States. *See Danziger & De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 132 (3d Cir. 2020) (quotation omitted) ("the federal court's jurisdiction exercised on removal is original not appellate.").

The Court believes that the type of procedural fencing that has occurred here, with Amelio appealing an order of the state trial court scheduling a hearing on the motion for summary judgment

4

on June 2, 2026, to the Superior Court and then attempting to remove the action to this court on the day of the hearing is strongly disfavored by federal courts. It also appears from the state court docket sheet that the June 2, 2026 hearing was not held such that his complaints about the process in state court and the trial court's alleged violation of a prior order staying that action pending disposition of all appeals are now moot and the Court lacks jurisdiction over moot issues. *Cf. Pletcher v. Giant Eagle Inc.*, No. CV 2:20-754, 2022 WL 17488019, at *4 (W.D. Pa. Dec. 7, 2022) (quoting *Seneca Res. Corp. v. Twp. of Highland, Elk Cnty., Pennsylvania*, 863 F.3d 245, 252 (3d Cir. 2017) (further citations and quotations omitted) ("The Court's 'continuing obligation' to ensure that subject matter jurisdiction is present extends to it inquiring into 'issues of standing and mootness sua sponte.'").

While the Court has discretion to permit jurisdictional allegations to be cured, 28 U.S.C. § 1653, the Court does not believe that is necessary in this case because any amendment would be futile for the reasons set forth above. The Notice of Removal also suffers from additional procedural defects which make clear that a remand is inevitable in this matter. Among other things, the instant removal is untimely under 28 U.S.C. § 1446(b)(1) which requires the notice of removal to be filed within thirty (30) days of Amelio's receipt of the Complaint "through service or otherwise" and the docket sheet plainly states that he entered his appearance in state court in March of 2022 filed an answer and then proceeded to litigate various issues for the next four plus years. *See* 28 U.S.C. § 1446(b)(1) ("The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."). The Supreme Court recently held that § 1446(b)(1) is a mandatory claims processing rule and not subject to equitable tolling such that the timeframe can only be extended based on the specific

5

provisions set forth in the statute.  *See Enbridge Energy, LP v. Nessel on behalf of Michigan*, 146 S. Ct. 1074, 1086 (2026) ("§ 1446(b)(1)'s 30-day deadline cannot be equitably tolled.").  One potentially applicable exception would be 28 U.S.C. § 1446(c) since the removal is premised on diversity of citizenship, but that provision bars removal more than 1 year after commencement of the state court action, making it untimely for the same reasons.  *See* 28 U.S.C. § 1446(c).  The state court docket sheet likewise states that Amelio's address is in Pittsburgh and, despite his claim in the notice of removal that he is a citizen of New York, the forum defendant rule could separately bar this action.  *Cf. Wells Fargo Bank, Nat'l Ass'n As Tr. for Holders of the Merrill Lynch Mortg. Invs. Tr., Mortg. Loan-Asset-Backed Certificate Series 2006-WMCI v. Dey-El*, 788 F. App'x 857, 859–60 (3d Cir. 2019) ("The forum-defendant rule is not jurisdictional and is instead a defect in removal that must be raised in a timely motion to remand.").

Finally, the Court takes judicial notice that the U.S. District Court for the Northern District of New York recently dismissed a notice of removal filed by Defendants in that District finding that they "filed a frivolous notice of removal and have done so in other courts," directed them to show cause why sanctions should not be imposed for doing so, and referred the matter to another Judge for consideration of whether a filing injunction should be imposed against them for engaging in vexatious litigation practices.  *See U.S. BANK, NATIONAL ASSOCIATION, as Legal Title Tr. for Truman 2016 SC6 Title Tr., Plaintiff, v. CARMINE P. AMELIO, PAUL A. AMELIO, ALFONSO AMELIO, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., QUICKEN LOANS, INC., & JOHN DOE #1 through JOHN DOE #12, Defendants.*, No. 6:26-CV-70 (MAD/MJK), 2026 WL 1453820, at *7 (N.D.N.Y. May 22, 2026); *see also Grasinger v. Caterpillar, Inc.*, Civ. A. No. 21-956, 2023 WL 4846843, at *1 (W.D. Pa. July 28, 2023) (quoting *Johnson v. Allegheny Cnty.*, No. 2:14-CV-857, 2014 WL 5513769, at *2 n.2 (W.D. Pa. Oct. 31, 2014)) ("It is well

established that "[t]his Court may properly take judicial notice of docket entries, documents, and opinions filed in other cases.").  Given the lack of jurisdiction over this matter and in light of the Court's duty to "secure the just, speedy, and inexpensive determination of every action and proceeding," Fed. R. Civ. P. 1, the Court holds that a prompt remand of this matter is most appropriate given all of the facts and circumstances of this case.  *See* 28 U.S.C. § 1447(c) (a court should remand a case "[i]f at any time before final judgment it appears that the [Court] lacks subject matter jurisdiction.").

For all of these reasons, this matter is remanded to the Court of Common Pleas for all further proceedings, forthwith.  An appropriate Order follows.

*s/Nora Barry Fischer*_____
Nora Barry Fischer
Senior U.S. District Judge

Dated: June 5, 2026

cc/ecf: All counsel of record.

Prothonotary, Court of Common Pleas of Allegheny County

cc:  Alfonso Amelio & Carmine Amelio
32 Main Street
New Milford, CT 06776
(via first class mail)